UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER SHAW,

    Petitioner,

v.                                                          Case No. 8:10-cv-2490-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Shaw petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 1974 state conviction for murder, for which he is serving life imprisonment. The petition is time-barred. See Jackson v. Sec'y Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because the conviction was final in 1974, twenty-two years before enactment of the AEDPA, Shaw's time to petition for the writ began when the AEDPA was enacted, April 24, 1996, <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209, 1211 (11th Cir. 1998), <u>cert. denied</u>, 531 U.S. 840 (2000), and expired one year later in 1997 absent tolling for a state post-conviction proceeding. Shaw neither discloses a post-conviction proceeding entitling him to tolling nor asserts a basis for a delayed start of the limitation. A search of the online records for both Manatee County and Florida's Second District Court of Appeal reveals no basis for tolling. Shaw has simply commenced this federal action more than a decade too late.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall close this case.

ORDERED in Tampa, Florida, on November 17, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE